UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EARL L. MILLER,

                Plaintiff,

v.                                                Case No. 19-cv-1399-pp

CANDACE WHITMAN, JESSICA BASSUENER,
ROGER KRANTZ, and NIKKI SHANNON,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Earl L. Miller, who is confined at the Fox Lake Correctional Institution (Fox Lake) and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal and state law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow a prisoner plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On October 15, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $21.19. Dkt. No. 6. The court received that fee on October 24, 2019. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and require him pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff says that he suffers from chronic pain due to "a previous incident that left him with a[n] amputated left hand." Dkt. No. 1 at 1. He states that Fox Lake's Health Services Unit (HSU) staff members' negligent refusal to protect his health and safety led him to file this case. Id.

The plaintiff alleges that on July 22, 2019, defendant Nurse Roger Krantz called him to the HSU. Id. at 3. Nurse Krantz gave the plaintiff a medical notice instructing him to not take any "NSAID's or anticoagulants (pain medication)" due to an upcoming medical procedure. Id. The plaintiff followed that instruction until July 28, 2019, when the plaintiff's pain increased to the point that he had his boss call the HSU to see what to do for pain, because the

3

plaintiff didn't want to take off work for fear of losing his job. Id. The plaintiff "was told" he would be seen after the phone call, but he wasn't. Id. That night, the plaintiff wrote an HSU request asking what to do for pain and asking why he was taken off pain medication so far ahead of his appointment (which was scheduled for August). Id.

On August 2, 2019, defendant Nurse Nikki Shannon saw the plaintiff to sign paperwork. Id. The plaintiff asked her if she could give him some pain medication since she could see "the mix up in the paper work concerning [his] medical appointment and medication notice created by her HSU staff member," but she said no. Id. On August 5, 2019, Nurse Kris DeYoung (not a defendant) called the plaintiff to the HSU to try to correct the paperwork mix-up from August 2, 2019. Id. Nurse DeYoung told the plaintiff he should have been off pain medication for only seventy-two hours, not for eleven days, and she gave the plaintiff pain medication. Id. On August 6, 2019, the plaintiff filed an inmate complaint due to the negligence of HSU staff members. Id. On August 20, 2019, the plaintiff went to the HSU for a file review, where defendant Bassuener was the "overseer." Id. The plaintiff asked Bassuener why he was taken off pain medication so long before his August medical appointment. Id. Bassuener told the plaintiff that she provided the wrong information and dates for the plaintiff to be taken off his pain medication and anticoagulants. Id.

The plaintiff alleges that Nurse Krantz did not cross-check the plaintiff's medical appointment with the medical notification he provided the plaintiff, resulting in the plaintiff being taken off pain medication for eleven days. Id. at

4

2. The plaintiff alleges that Bassuener was negligent in not properly sorting the plaintiff's medical appointment and pain notice; he says that she admitted to the plaintiff that she should have checked his chart concerning his appointment and pain notice. Id. The plaintiff also states that Nurse Shannon was negligent because she knew of the plaintiff's suffering and did not rectify the seriousness after she revealed the paperwork mix-up concerning appointment and pain medication dates. Id. at 2-3. The plaintiff alleges that defendant Candace Whitman, Fox Lake's HSU manager, was negligent because she was not aware that her staff members deprived the plaintiff of his pain medication and she did not rectify the issue after answering the plaintiff's medical request. Id. at 2.

The plaintiff claims that the defendants' "deliberate[ly] indifferent actions" led to him having to suffer for eleven days due to the deprivation of his pain medication, in violation of the Eighth Amendment. Id. at 4. He also claims that the defendants violated his rights under Wisconsin state law, including the Wisconsin Constitution, Article 7 section 8, and Article 1 section 9. Id. He seeks declaratory and injunctive relief, as well as monetary damages. Id.

    C.    Analysis

The Eighth Amendment's prohibition on cruel and unusual punishment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain,'" including "grossly inadequate medical care." Lockett v. Bonson, 937 F.3d 1016, 1022 (7th Cir. 2019) (quoting Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014). To prevail on a claim based on

deficient medical care, the plaintiff "must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." Id. (quoting Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011)). The first element, an objectively serious medical condition, is satisfied if "a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." Id. at 1022-23 (quoting Pyles, 771 F.3d at 409). The plaintiff alleges that he suffers from chronic pain due to his amputated left hand and that he is prescribed medication for the pain.[1] The court presumes that the plaintiff's condition qualifies as a serious medical need.

That leaves the question of whether the plaintiff has stated sufficient facts to show that the defendants acted with deliberate indifference. "Deliberate indifference is a subjective standard." Id. at 1023 (quoting Arnett, 658 F.3d at 751). To be found liable under the Eighth Amendment, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Whether a prison official acted with the requisite state of mind "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." Id. (quoting Farmer, 511 U.S. at 842). To establish the requisite

---

[1] The plaintiff filed a civil rights case based on the prison work-related incident in which he lost his hand. See Miller v. Thurmer, Case No. 09-cv-1027-CNC. Judge Charles N. Clevert dismissed that case based on the plaintiff's failure to exhaust his administrative remedies. See id., dkt. no. 41.

mental state, "[s]omething more than negligence or even malpractice is required." Id. (quoting Pyles, 771 F.3d at 409; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")).

The plaintiff alleges that he met with defendant Nurse Shannon, told her about his pain and suffering and asked for his pain medication, but that she refused to help him. These allegations state a plausible claim for relief under the Eighth Amendment. See Walker v. Benjamin, 293 F.3d 1030, 1039-40 (7th Cir. 2002).

While defendant Whitman cannot be held liable under 42 U.S.C. §1983 in her role as a supervisor, see Matthews v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir. 2012), the plaintiff alleges that Whitman "did not rectify such issue after answering plaintiff's medical request"—presumably the plaintiff's July 28, 2019 HSU request asking what to do for pain and asking why he was taken off pain medication so far ahead of his appointment. The plaintiff appears to claim that Whitman knew about the plaintiff's pain and did not do anything about it. The plaintiff may proceed on an Eighth Amendment claim against defendant Whitman based on this allegation.

But Nurse Krantz's alleged negligent failure to cross-check the plaintiff's medical appointment with his medication notification does not amount to deliberate indifference; as discussed above, the caselaw makes clear that a plaintiff must show something more than negligence, or even malpractice, to state a claim for deliberate indifference. Nurse Bassuener's improper sorting of

7

the plaintiff's medical appointment and pain notice also was negligent, not a violation of the plaintiff's constitutional rights.

That said, in cases where a federal court has jurisdiction over some of the plaintiff's claims, it may exercise what is called "supplemental jurisdiction" over state claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See 28 U.S. C. §1367(a). Because the plaintiff has stated federal claims against Shannon and Whitman, the court may exercise supplemental jurisdiction over his claims against Krantz and Bassuener if he has stated a claim under state law. "Under Wisconsin law, medical malpractice has the same ingredients as garden-variety negligence claims: the plaintiff must prove that there was a breach of a duty owed that results in an injury." Gil v. Reed, 535 F.3d 551, 557 (7th Cir. 2008) (citing Paul v. Skemp, 242 Wis.2d 507 (Wis. 2001)). "In most cases, Wisconsin law requires expert testimony to establish medical negligence, although res ipsa loquitur can substitute for expert testimony." Id. (citing Gil v. Reed, 381 F.3d 649, 659 (7th Cir. 2004); Christianson v. Downs, 90 Wis. 2d 332 (Wis. 1979); Richards v. Mendivil, 200 Wis. 2d 665 (Ct. App. 1996)).

The plaintiff may not proceed on his claims that the defendants violated the Wisconsin Constitution. Article 7, Section 8 of the Wisconsin Constitution gives county circuit courts original jurisdiction over civil and criminal matters in the state, as well as whatever appellate jurisdiction the legislature might prescribe. Article 1, section 9 mandates that every person has a "certain

remedy in the laws" for personal injuries, property injuries or injuries to character. In federal court, jurisdiction comes from the *federal* Constitution and laws, and a plaintiff's right to remedies comes from federal law.

To summarize, the plaintiff may proceed on Eighth Amendment deliberate indifference claims against Krantz and Shannon, and he may proceed on supplemental state law negligence claims against Whitman and Bassuener.

D. The Plaintiff's Request for Preliminary Injunction

On the last page of the complaint, the plaintiff requests a preliminary injunction ordering an immediate lateral transfer to another medium prison for fear of retaliation stemming from this complaint. Dkt. No. 1 at 4.

To obtain preliminary injunctive relief, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Turnell v. CentiMark Corp., 796 F.3d 656, 661 (7th Cir. 2015). If he shows those three things, the court then balances the harm to each party and to the public interest from granting or denying the injunction. Id. at 662.

A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945)); see also Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between

9

the injury claimed in the party's motion and the conduct asserted in the complaint."); Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015) ("there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").

The court cannot grant the plaintiff's request for a preliminary injunction to transfer him to a new prison based on retaliation that may or may not happen. If the plaintiff experiences retaliation at Fox Lake based on his filing of this case, he may file a separate lawsuit alleging facts supporting retaliation.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DENIES** the plaintiff's request for preliminary injunction. Dkt. No. 1 at 4.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on the defendants. Under the informal service agreement, the court **ORDERS** the defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$328.81** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's

10

trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss

11

the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 31st day of July, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**